FILED
2017 Apr-12 AM 09:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KIMBERLY WASHINGTON,     )
                         )
      Plaintiff,        )
                         )     CV-2017-
v.                     )     JURY DEMAND
                         )
BIRMINGHAM HEALTH CARE,   )
                         )
      Defendant.     )

## COMPLAINT

### I.    *NATURE OF COMPLAINT*

1.    This action is brought by Kimberly Washington ("Washington" or "Plaintiff"), against defendant, Birmingham Health Care ("BHC" or "Defendant"). Plaintiff Washington brings her claims pursuant to Title VII of the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. §§2000e, *et seq.*, arising from events that occurred in Birmingham, Jefferson County, Alabama.

### II.    *JURISDICTION AND VENUE*

2.    This Court has jurisdiction pursuant to 28 U.S.C. §§1331, 1343(4), and Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§2000e, *et seq.*, as amended .

### III.    *CONDITIONS PRECEDENT TO SUIT UNDER TITLE VII*

3.    The Plaintiff has fulfilled all precedent conditions necessary to the

institution of this action under Title VII, specifically Plaintiff timely filed her charge of discrimination within 180 days of occurrence of the last discriminatory act. Plaintiff has timely filed this lawsuit within ninety (90) days of the termination of the EEOC investigation of this charge, i.e., right-to-sue letter.

## IV.   *PARTIES*

4.   Defendant Birmingham Health Care ("BHC") is an entity doing business in the State of Alabama.  The defendant is an employer as defined by  42 U.S.C. §2000e(b).

5.   Plaintiff Kimberly Washington is an African-American resident of the State of Alabama and a citizen of the United States.  Washington sought employment with the defendant at its Birmingham, Jefferson County, Alabama location.

## V.   *CAUSE OF ACTION - RETALIATORY FAILURE TO HIRE*

6.   Prior to applying for work at BHC, according to public court records, the plaintiff, along with several other individuals who were employed with the Birmingham Housing Authority, filed a Title VII sexual harassment lawsuit in federal court, *Washington, et al. vs. Smith, et al.*, 2:06-cv-1048-HGD.   The case was ultimately resolved on June 3, 2008.

7.   During her employment with the Birmingham Housing Authority, Plaintiff's previous lawsuit alleged that she was sexually harassed and was subjected

to a sexually hostile work environment. The plaintiff's lawsuit also alleged that she was forced to resign her position with the Birmingham Housing Authority due to the harassment and environment. Prior to filing her previous lawsuit, Plaintiff filed an EEOC Charge of Discrimination against the Birmingham Housing Authority regarding these allegations.

8.      According to the Complaint filed in Plaintiff's previous lawsuit, while the plaintiff was employed with the Birmingham Housing Authority, Jimmy Lacey was the Manager of Housing Operations and had knowledge of the plaintiff's complaints of sexual harassment at Birmingham Housing Authority.  In fact, Mr. Lacey was mentioned approximately 60 times by name in the Complaint filed in federal court against the Birmingham Housing Authority.

9.      The plaintiff applied for employment with the defendant BHC in 2015. The plaintiff was interviewed on Monday, February 2, 2015, by Amy Sparks, Director of Behavioral Services, and Brenda Singgellos, Director of Human Resources, for the ACA Communication Officer position.  During the interview, the plaintiff was asked by Ms. Singgellos if she knew Jimmy Lacey the CEO of Birmingham Health Care. The plaintiff told Ms. Sparks and Ms. Singgellos that she did know Mr. Lacey.

10.     On Wednesday, February 4, 2015, Ms. Singgellos called and asked the plaintiff if she was still interested in the position and the plaintiff told her "yes."

Plaintiff was qualified for the position, and att that time, Ms. Singgellos extended an

offer of employment to the plaintiff for the position of ACA Communication Officer.

The plaintiff was told that she had to pass the required background and reference

checks prior to being hired.   Plaintiff was given a start date for employment by Ms.

Singgellos.

11.    On February 4, 2015, the plaintiff's background checks were completed

and came back with no negative information. The plaintiff's reference checks were

started on February 4, 2015 and were in process when Ms. Singgellos had

communications with Lacey regarding Plaintiff's employment.

12.    On Thursday, February 5, 2015, Ms. Singgellos was notified by Mr.

Lacey that the hiring of the plaintiff was not approved.   Mr. Lacey asked Ms.

Singgellos if he needed to give an explanation and was informed that Birmingham

Health Care was an at-will employer.

13.    Ms. Singgellos then called the plaintiff, on February 5, 2015, and told

the plaintiff that the conditional offer of employment was being rescinded because her

hire was not approved by the CEO (Lacey).  Plaintiff asked Ms. Singgellos why and

was told that Lacey did not give a reason. Ms. Singgellos did indicate to the plaintiff

that she should have been hired and that Singgellos did not know why the hiring was

not approved since she (Singgellos) was the one who always chose employees for

4

hire.

14.     The decision to rescind the offer of employment made to Plaintiff and to not hire her for the position of ACA Communications Officer was made in retaliation for Plaintiff's previous protected activity against her previous employer, Birmingham Housing Authority.  Jimmy Lacey, the decision maker for the hiring decision in this case, was in management with the Birmingham Housing Authority at the time of Plaintiff's previous suit and was mentioned numerous times in that lawsuit as someone who contributed to Plaintiff's claim against the Birmingham Housing Authority.

15.     At no time, including in responding to the EEOC's investigation into Plaintiff's claim, has the defendant provided a legitimate, non-retaliatory reason why the plaintiff's offer of employment was rescinded by Lacey.  Any reason proffered by Defendant at this stage is merely a pretext for Defendant's retaliatory motive.

16.     The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein in this suit for compensatory damages, punitive damages, and/or nominal damages, as well as back-pay (plus interest) and injunctive and declaratory judgment is her only means of securing adequate relief. The plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices set forth herein unless enjoined by the Court.

## VI.  *PRAYER FOR RELIEF*

WHEREFORE, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.    Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant are violative of the rights of the plaintiff as secured by 42 U.S.C. §2000e *et seq.*.

2.    Grant plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate 42 U.S.C. §2000e *et seq.*.

3.    Enter an order requiring the defendant to make the plaintiff whole by awarding her the position she would have had occupied/been hired into in the absence of retaliation, back-pay (plus interest), front-pay, punitive and compensatory damages and/or nominal damages, declaratory and injunctive relief, and benefits.

4.    The plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees and expenses.

Respectfully submitted,

Rocco Calamusa, Jr.
Kevin W. Jent
Counsel for the Plaintiff

OF COUNSEL:

WIGGINS CHILDS PANTAZIS
     FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500
205/254-1500 (fax)

PLAINTIFF REQUESTS A JURY TRIAL ON
ALL CLAIMS TRIABLE TO A JURY

OF COUNSEL

**DEFENDANT'S ADDRESS:**
Serve via certified mail:

     Birmingham Health Care
     1600 20th Street South
     Birmingham, Alabama 35205